BROWN
vs
WATSON.

---

CHANCERY.

Case 134.

July 4.

The case stated.

# Brown *vs* Watson.

## ERROR TO THE OHIO CIRCUIT.

### *Gaming. Jurisdiction.*

JUDGE BRECK delivered the opinion of the Court.

THIS bill in chancery was filed by Watson, seeking to be relieved against a judgment which Brown had recovered against him for $75. The Court below perpetually injoined the judgment, and Brown has brought the case to this Court.

In view of the allegations in the bill and the admissions in the answer, it may be assumed, that the note, upon which the judgment was rendered, was given under the circumstances and for the consideration following: Brown and Watson made a contract for a horse race, Watson staked up a horse against a certain amount of money staked by Brown, the horse or the money to be

forfeited as Watson or Brown might fail to run the race upon the terms agreed. Whether the horse was bet upon the race does not very clearly appear; the presumption is authorized that he was. Watson failed to run the race according to the contract, and the horse was given up as the forfeit, to Brown. Some months afterwards he sold him to Watson and took the note in question, for the price or consideration.

The only question to be considered is, whether upon this state of fact the complainant was entitled to relief.

It is the opinion of this Court he was.

If the horse was bet upon the race, he was, in effect, won by Brown by the failure of Watson to run it. If he was not, it may be assumed that other property or money was bet, or to be bet, and that the horse was staked up as part of the contract in regard to the race, and was obtained by Brown for no other consideration than the failure of Watson to comply with it. The contract is prohibited by law, and the failure to comply with it constituted no valid consideration for the horse.

The horse was not lost by Watson in point of fact, upon the race, because it was not run, but he was lost upon the agreement to run the race. The losing on the one side and the winning on the other, resulted from an illegal contract, and virtually from betting upon a horse race. The transaction was against the policy of the statute of 1833, (1 *Stat. Laws,* 758,) and comes, we think, within the spirit of its inhibitions. Under that statute, according to the construction given to it by this Court, *McKinney* vs *Pope's administrator,* (3 *B. Monroe,* 93,) we are of opinion a Court of Equity had jurisdiction to grant the relief sought in this case, and that there is no error in the decree.

Wherefore, the decree is affirmed.

*Harlan & Craddock* for plaintiff: *Cates & Lindsey* for defendant.

B. and W. bet upon a horse race, B. won W's horse as a forfeit upon W's failure to run, some months afterwards W. bought the horse of B. and gave his note—Held that this transaction is subject to the statute against gaming, and the Chancellor will relieve against the note.